JOURNAL ENTRY AND OPINION
Defendant-appellant, James DeLyle, appeals from an order of the Cuyahoga Court of Common Pleas finding him to be a sexual predator. Appellant contends that the evidence adduced at the sexual predator determination hearing was insufficient to establish by clear and convincing evidence that he is a sexual predator. We disagree and, therefore, affirm the trial court.
In September, 1984, appellant was indicted on one count of rape, in violation of R.C. 2907.02, and one count of gross sexual imposition, in violation of R.C. 2907.05, involving a nine-year-old girl. Appellant was also indicted on one count of gross sexual imposition and one count of attempted rape involving a five-year-old girl.
In December, 1984, appellant pled guilty to an amended count of rape, with the age of the nine-year-old victim deleted from the indictment, and one count of gross sexual imposition involving the five-year-old victim. The remaining counts of the indictment were nolled.
The trial court sentenced appellant to a minimum term of actual incarceration of five years and a maximum term of twenty-five years for the rape, and one year of incarceration for the gross sexual imposition, the sentences to be served concurrently.
On December 15, 2000, the trial court conducted a sexual offender classification hearing pursuant to R.C. 2950.09(C). In a journal entry dated January 2, 2001, the trial court adjudicated appellant to be a sexual predator. Appellant timely appealed, raising one assignment of error for our review:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, at the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the State must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger(2001), 91 Ohio St.3d 158, 163, citing R.C. 2950.01(E) and2950.09(B)(3). (Emphasis in original.)
The standard of clear and convincing evidence is the measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. State v. Schiebel (1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
Here, the first prong of R.C. 2950.01(E) was clearly satisfied: appellant pled guilty to rape and gross sexual imposition. Appellant contends, however, that the evidence presented at the hearing was insufficient to establish by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses.
In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. See R.C. 2950.09(B)(2). These factors include, but are not limited to, the offender's age and prior criminal record, the age of the victim, whether the sex offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim of the sex offense, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, whether the offender completed any sentence imposed for any prior conviction, whether the offender participated in any available program for sex offenders, any mental disease or disability of the offender and any other behavioral characteristics that contribute to the sex offender's conduct. R.C.2950.09(B)(2)(a) through (j).
At the sexual offender classification hearing in this case, the State presented the police statements of the victims as State's Exhibits 1 and 2. The nine-year-old victim stated that appellant babysat her and her two siblings one night in August 1984 when they stayed at her grandmother's house. After the children got their pajamas on and went to bed, appellant came to the bedroom and told the nine-year-old girl to come to his room. He then asked her, Do you want to play? The victim stated that she responded negatively and started to leave the room because she knew he meant nasty stuff. Appellant grabbed her, however, put her on the bed, and then kissed her and touched her breasts and vagina. The victim stated that she got off the bed and went downstairs and sat on the living room couch, but appellant followed her, sat next to her and started rubbing his hand on my private. She stated that she got away from him and went upstairs to the bedroom where the other children were sleeping and appellant didn't bother me anymore that night.
When asked how she knew that appellant wanted to do nasty stuff, the victim stated, Because I know, because he always says `play,' and that's what he calls it when he does those things. `Nasty' means like sick stuff, like he gets on you and takes his pants off, and touches you and stuff like that.
The victim stated further that appellant does it almost every time I come over there. The week before he did the same thing. When asked if appellant had only ever touched and rubbed her, the victim stated that approximately one month prior to the latest incident, appellant had come into the bedroom at her grandmother's house where she was sleeping, picked her up and carried her into his bedroom. Appellant was naked and took her pants off. He then got on top of her and was like pumping on top of me. The victim stated that appellant then put Vaseline on his penis and started pushing it in my private.
The victim also related another incident that had occurred several months earlier when she was staying at her grandmother's house. She stated that appellant put her on a bed, pulled her pants down and then tried to put his private in my butt.
The five-year-old victim stated that one night when she was sleeping at her grandmother's house, appellant got on top of her and put his private by m[y] pee. She stated that this was not the only time that appellant had done this to her: He does it every week I come over there. He gets on top of me and kisses me on my pee, too. He puts me on his bed and takes my underwear off and gets on me. He does it at nighttime. He comes in [the] room where I'm sleeping and carries me in his room and then he does it to me. The victim stated further that she had seen appellant do the same thing to her sister and to her brother lots of times. She also stated that appellant had promised to give her a present if she would get on him.
We agree with the trial judge that this evidence clearly and convincingly demonstrates that appellant is likely in the future to engage in one or more sexually oriented offenses. First, as the trial judge stated at the hearing, the ages of the victims here * * * are relevant in this case in showing that the defendant has a history of preying upon those who by their age are relatively helpless. R.C.2950.09(B)(2)(c). Moreover, as the trial judge also noted, there were multiple victims involved in the offenses — including a young boy that appellant sexually abused lots of times but for which offenses was not prosecuted. R.C. 2950.09(B)(2)(d).
Finally, as the trial judge found at the hearing, the nature of appellant's offenses was particularly distressing in this case. R.C.2950.09(B)(2)(h). Contrary to appellant's assertion that the trial court found him to be a sexual predator solely on the basis of the facts of his underlying conviction,[1] we note that appellant engaged in multiple sexual offenses against several children over a significant period of time. Appellant was not prosecuted for all of the offenses, but the statements of the victims involved in the offenses to which he pled guilty clearly and convincingly demonstrate that appellant's offenses were part of a larger pattern of abuse. R.C. 2950.09(B)(2)(h).
Appellant concedes that the three factors discussed above are applicable in this case but asserts that because the remaining factors do not apply, he should not have been labeled a sexual predator. We disagree. R.C. 2950.09(B)(2) does not require that each factor be met before an offender may be classified as a sexual predator — only that each factor be considered. State v. Goodall (July 6, 2000), Cuyahoga App. No. 76491, unreported; State v. Tracy (May 20, 1998), Summit App. No. 18623. The transcript of the sexual offender classification hearing demonstrates that the trial judge carefully considered each factor set forth in R.C. 2950.09(B)(2).
Finally, we note that although the State has the burden of proof in these cases, defense counsel presented no evidence as to why appellant should not be labeled a sexual predator. Defense counsel asserted that appellant had gone through classes while he was incarcerated, but offered no evidence to support that assertion. In addition, defense counsel argued that without an expert psychological evaluation of appellant, the trial court could not possibly determine that appellant is likely to re-offend. Notably absent from the record, however, is any request from defense counsel for a psychological evaluation of appellant.
The single bit of evidence presented by appellant in this case is a remark made by appellant during the hearing that unequivocally demonstrates that after sixteen years of incarceration, appellant still does not grasp the gravity of the offenses to which he pled guilty. After the State had concluded its presentation, the trial judge gave defense counsel an opportunity to present evidence and argue the case. Defense counsel stated that appellant had faced the accusations sixteen years ago, accepted his responsibility for the offenses and pled guilty to them. At this point, appellant inexplicably interjected, She — there is a medical record on that that she is still a virgin.
In light of the evidence presented by the State at the sexual offender classification hearing, the trial judge did not err in finding that appellant is likely in the future to engage in one or more sexually oriented offenses. Accordingly, the trial court did not err in finding appellant to be a sexual predator.
Appellant's assignment of error is overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J. and ANNE L. KILBANE, J., CONCUR.
[1] This court has repeatedly held that, standing alone, a conviction for a sexually oriented offense is insufficient to support a sexual predator determination. See State v. Winchester (July 26, 2001), Cuyahoga App. No. 78019, and cases cited therein.